UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANDRE ARNOLD

    Plaintiff,

v.                                                     Case No. 8:24-cv-1054-TPB-AEP

TYARIELLE PATTERSON,

    Defendant.
_____/

## ORDER DISMISSING CASE

This matter is before the Court *sua sponte* on the complaint, filed *pro se* on May 1, 2024. (Doc. 1).  After reviewing the complaint, court file, and the record, the Court finds as follows:

Plaintiff Deandre Arnold filed this suit against the mother of his child.  The complaint is lengthy and rambling, but it appears that the instant lawsuit is related to an ongoing custody dispute.[1]  According to Plaintiff, Defendant has committed "39 counts of extortion" by maliciously threatening injury to Plaintiff by illicitly retaining possession of their minor child in violation of their custody order until either 1) Plaintiff accepts summons of a contempt action filed by Defendant in the state of Georgia or 2) Plaintiff files a family court action against her.  Plaintiff claims that Defendant was previously warned that withholding custody is not authorized and found her in contempt for 25 days of custodial interference.  Plaintiff asserts that Defendant's "extortionate interference" is

---

[1] The instant case appears to be related to at least two state court custody cases – a case in the Sixth Judicial Circuit in and for Pinellas County, Florida (16-011424-FD) and a case in the Superior Court in and for Henry County, Georgia (SUCV 2021-0700).

Page 1 of 3

contrary to their current child custody order and in "complete disregard" to the Georgia court's prior warnings and contempt rulings. Plaintiff brings a claim for intentional infliction of emotional distress.

The Court previously dismissed a substantially similar case filed by Plaintiff, finding that (1) to the extent he was seeking review of state court proceedings, the action was barred by the *Rooker-Feldman* doctrine; (2) to the extent Plaintiff asked the Court to intervene in an ongoing state court proceeding, the Court would decline to do so under the *Younger* abstention doctrine; and perhaps most importantly, (3) the action appeared to fall squarely within the domestic relations exception to federal court jurisdiction. *See Arnold v. Patterson*, No. 8:23-cv-2708-TPB-TGW, 2023 WL 8778501 (M.D. Fla. Dec. 19, 2023), *appeal filed*.

Plaintiff appealed the dismissal of that case, and the appeal remains pending. Rather than await the Eleventh Circuit's decision, Plaintiff instead elected to file a largely duplicative lawsuit. For the same reasons discussed in the Court's prior order in Plaintiff's other case, this case is dismissed for lack of jurisdiction.

**_The Court notes that it appears the parenting plan remains in effect and is being enforced by the state court, and if Plaintiff believes that Defendant is interfering with or obstructing the plan, he may raise those claims in the state proceedings. If Plaintiff is unhappy with decisions made by the state court judges in the matters involving his child, his remedy is to file an appeal in the state court system. Federal courts do not hear appeals from state court cases. Federal courts do not have the legal authority to review state court decisions in custody matters such as this, including those that involve time-sharing and_**

*allegations of the weaponization of child-support obligations.  Federal courts do not generally hear child custody disputes unless there is an allegation that one of the parents has engaged in international child abduction.*

**Plaintiff is warned that if he continues to file frivolous or *duplicative* cases here or in any other federal court, he will be subject to sanctions pursuant to Federal Rule of Civil Procedure 11(c), including monetary sanctions or an order from this Court directing the Clerk to reject future filings by Plaintiff.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The complaint (Doc. 1) is **DISMISSED**, without leave to amend.

(2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of May, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE